**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50044 |
| Plaintiff-Appellee, | D.C. No. 8:10-cr-00188-JLS-1 |
| v. | |
| BICH QUYEN NGUYEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 9, 2016[**]
Pasadena, California

Before:  PREGERSON, NGUYEN, and OWENS, Circuit Judges.

Bich Quyen Nguyen appeals her conviction for conspiracy to commit wire

fraud, in violation of 18 U.S.C. § 1349.  She alleges that the district court erred in

failing to use her proposed good faith jury instruction because the jury instruction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on the element of intent to defraud did not fully capture her theory of good faith. Nguyen also claims that a separate good faith instruction was necessary because the government shifted the burden of proof by commenting on Nguyen's lack of documentation to corroborate her testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nguyen contends that the district court should have given a particularized good faith instruction above and beyond the instruction on intent to defraud. Her claim is foreclosed by this court's precedents. "Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged, notwithstanding the normal rules governing 'theory of defense' requests." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) (emphasis in original). Here, the district court (1) correctly defined intent to defraud as "an intent to deceive or cheat;" (2) used language regarding good faith that we approved in *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993); and (3) repeatedly instructed the jury that the government bore the burden of proving each element, including intent, beyond a reasonable doubt.

Nguyen also argues that the government shifted the burden of proof during cross-examination and rebuttal argument by implying that Nguyen had a duty to

2

present evidence to corroborate her testimony.  We have held that if the defendant "takes the stand and testifies in his own defense his credibility may be impeached and his testimony assailed like that of any other witness."  *United States v. Palmer*, 536 F.2d 1278, 1282 (9th Cir. 1976) (quoting *Brown v. United States*, 356 U.S. 148, 154-55 (1958)).  We have also held that "[t]he prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify."  *United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991).

Here, the district court instructed the jury that questions, statements, objections, and arguments by lawyers are not evidence.  The district court also repeatedly instructed the jury that the government has the burden of proving every element beyond a reasonable doubt and that the defendant does not have to present any evidence to prove innocence.  Additionally, when the government raised Nguyen's lack of corroborating evidence during its rebuttal argument, the government immediately reminded the jury, "We have the burden."

We hold that the government's questions and comments were designed to highlight the weaknesses in Nguyen's version of events as presented through her testimony and that they did not impermissibly shift the burden of proof to the defense.  Accordingly, no curative instruction was necessary.

3

**AFFIRMED.**